UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BEVERAGES SALES INC ET AL** | **CASE NO. 2:22-CV-04896** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WEST AMERICAN INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "West American Insurance Company's Motion for Partial Dismissal Pursuant to Rule 41(B)" (Doc. 11), wherein Defendant, West American, moves to dismiss Plaintiff, Beverage Sales Inc., Reclamation, LLC, and Fleet Services, Inc. (collectively referred to as "Plaintiffs") business interruption and business personal property claims. Also before the Court is "West American Insurance Company's Motion for Expedited Consideration of Motion for Partial Dismissal Pursuant to Rule 41(B)" (Doc. 12).

## INTRODUCTION

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana, and on October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana. Both hurricanes allegedly damaged properties owned by Plaintiffs. During the relevant time period, West American insured numerous buildings located at different locations.[1]

---

[1] The policy insures 13 buildings but offers property damage coverage to six (6), two (2) of which exclude coverage for windstorm/hurricane damage.

## LAW AND ANALYSIS

West American moves to dismiss Plaintiffs' business interruption ("BI") claims and business personal property ("BPP") claims pursuant to Federal Rule of Civil Procedure 41(b). West American complains that Plaintiffs have failed to provide information regarding these claims despite repeated requests.[2]

This lawsuit was filed August 26, 2022, and is currently proceeding through the Case Management Order ("CMO").[3] Pursuant to the CMO, Plaintiffs' Initial Disclosures were due on January 9, 2023. In their Disclosures, Plaintiffs stated that they "are seeking ... any additional business personal property and loss of business income that may be owed." West American complains that as of the date of filing the instant motion, Plaintiffs have failed to provide any documentation to support these claims. In addition, West American remarks that Plaintiffs have requested to reschedule the court-ordered mediation, which is currently set for July 20, 2023, in order to have time to gather the BI and BPP information.

West American asserts that it made numerous attempts since Plaintiffs notified it of their claim to obtain information regarding the BI and BPP claims. Specifically, in addition to verbal discussions and attempted phone calls, West American sent emails on June 23, 2021, September 20, 2021, December 8, 2021, and January 13, 2022, June 3, 2022, and

---

[2] West American attached email correspondence requesting information regarding Plaintiffs' BI and BPP claims.
[3] Doc. 2.

July 14, 2022.[4] West American notes that despite the repeated requests for information regarding these claims, it received no response. Therefore, it has not been able to evaluate these claims and/or prepare for the scheduled mediation. West American moves to dismisses the BI and BPP claims pursuant to Rule 41(b) for failure to prosecute or comply with an order of the court.

In its opposition, Plaintiffs through counsel argues that its behavior is not in bad faith and that Defendant suffered only minimum prejudice. Plaintiffs further argue that there has been no violation of a court order because Plaintiffs provided the information in its possession at the time that it obtained it. Finally, Plaintiffs inform the Court that it has now provided the requisite information.

The Court finds that dismissal of these claims at this early stage of the CMO process is unwarranted.  However, the Court is concerned with Plaintiffs' lack of response to the deadlines mandated in the CMO and Defendant's inability to evaluate Plaintiffs' BI and BPP claims without any information to support those claims.  The Court will advise Plaintiffs to be more diligent through the CMO process in responding to deadlines set by this Court, the CMO, and or any other deadlines. As to the Motion for Expedited Consideration, the Court finds is unnecessary to expedite the Motion for Partial Dismissal.

---

[4] Defendant's exhibit B.

## CONCLUSION

For the reasons set forth herein, the Motion for Partial Dismissal Pursuant to Rule 41(B)" (Doc. 11) will be denied, and the Motion for Expedited Consideration will be denied.

**THUS DONE AND SIGNED** in Chambers on this 25th day of July, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**